UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GAFFNEY, ET AL.                                              CIVIL ACTION

VERSUS                                                       NO: 06-8143

STATE FARM FIRE AND CASUALTY                                 SECTION: R(5)
COMPANY

**ORDER AND REASONS**

On April 7th, 2008 this Court granted in part defendant State Farm Fire and Casualty Company's motion for summary judgment. (R. Doc. 56.) Before the Court is plaintiffs' motion for reconsideration of that Order. (R. Doc. 58.) For the reasons stated below, plaintiffs' motion is DENIED. Defendant has sought to exclude certain evidence regarding the value and replacement cost of plaintiffs' home. (R. Doc. 76). In light of the Court's denial of reconsideration, this evidence is not probative of plaintiff's remaining claim, and the Court therefore GRANTS defendant's motion in limine.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs Lena and James Gaffney are Louisiana homeowners whose house was severely damaged by Hurricane Katrina. The Gaffneys' one-story house was located at 210 Hay Place in the Lakeview neighborhood of New Orleans, a few blocks east of the 17th Street Canal and roughly one mile north of where the canal levee broke after the storm, flooding a large portion of the city. Due to extensive damage caused by the storm, plaintiffs home was eventually demolished.

The Gaffneys insured their house under a homeowner's policy and separate flood policy, both issued by defendant State Farm Fire and Casualty Company. The homeowner's policy contained coverage limits of $132,000 on the dwelling, $99,000 on contents or personal property, and $13,200 on the dwelling extension. It also covered plaintiffs' actual living expenses in the event that plaintiffs lost the use of their home. The Gaffneys' homeowner's policy contained a flood exclusion clause and specified that the dwelling and contents coverage did not insure against water damage, which the policy defined as damage resulting from "flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by

2

wind or not."[1] The policy also specified that it did not cover damage to the "land necessary to support" plaintiffs' dwelling.[2] The Gaffneys carried $132,000 in dwelling coverage under their flood policy. They did not carry contents coverage for flood damage.

Shortly after the storm, the Gaffneys filed claims with State Farm under their homeowner's and flood policies. State Farm paid the Gaffneys $132,000 for flood damage — the full limit of their flood policy — on October 14, 2005.[3] Approximately two months later on December 21, 2005, State Farm paid plaintiffs $36,262.14 for dwelling damage. Six months later on June 15, 2006 after a mediation session with plaintiffs, State Farm paid an additional $3,710.59 for dwelling damage, resulting in a total of $39,972.73 paid to the Gaffneys under their homeowner's policy for damage to their dwelling. Also in December 2005, State Farm paid plaintiffs $545.00 under their personal property coverage for spoiled food. All told, State Farm paid the Gaffneys a total of $172,517.73 for damage to their house and its contents under

---

[1] Def.'s Mem. Supp. Ex. A, "Homeowner's Policy: Section I — Losses Not Insured" at 10, R. Doc. 26-14 at 15.

[2] Def.'s Mem. Supp. Ex. A, "Homeowner's Policy: Section I — Coverages" at 3, R. Doc. 26-14 at 8.

[3] Def.'s Ex. C, R. Doc. 26-6.

their homeowner's and flood policies.[4]

On August 23, 2006, the Gaffneys brought suit against State Farm. They assert that the payments they have received thus far from State Farm under both their homeowner's and flood policies have not fully compensated them for their covered losses. They allege that the pre-storm value of their home was $226,940.04, and that the full replacement cost is $232,575.00. Plaintiffs contend that the approximate total of $172,000 that State Farm has paid them under both their flood and homeowner's policies falls short of their actual covered loss. In addition to their breach of insurance contract claim on their homeowner's policy, plaintiffs assert causes of action under La. Rev. Stat. §§ 22:658 and 22:1220 for State Farm's alleged arbitrary or capricious failure to properly adjust and timely pay their claim after it received satisfactory proof of loss. They seek attorney's fees under § 22:658, as well as general damages under § 22:1220. Finally, plaintiffs contend that hurricane winds rendered their home a total loss, and they assert a claim under Louisiana's Valued Policy Law (VPL), La. Rev. Stat. § 22:695.

The Court's order granting summary judgment in part held against plaintiff on three grounds that plaintiffs now ask the

---

[4] State Farm also paid plaintiffs $3,818.00 for additional living expenses.

Court reconsider.

*First*, the court held that the $132,000 plaintiffs had been paid under their flood policy had to be offset against the amount they were claiming under their homeowner's policy because plaintiffs asserted all their loss was caused by wind.  Since that amount and the $39,922.73 State Farm had already paid under the homeowner's policy exceeded the maximum amount recoverable under their homeowner's insurance, the Court held that plaintiffs could not recover any further for dwelling damage.

*Second*, the Court held plaintiffs could not recover under Louisiana's Valued Policy Law, because Louisiana law prevents a claimant from recovering twice for a single loss.

*Third*, the Court held that plaintiffs could not recover attorney's fees under the current version of §22:658 because plaintiffs' cause of action accrued while a previous version of the statute was in effect.

## II.  LEGAL STANDARD

A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly.  *See Fields v. Pool Offshore, Inc.*, 1998 WL 43217, *2 (E.D. La. Mar. 19, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999); *Bardwell v. George G. Sharp, Inc.*, 1995 WL 517120, *1 (E.D. La. Aug. 30, 1995).  The Court must "strike the proper balance between the

need for finality and the need to render a just decision on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355.  A moving party must satisfy at least one of the following criteria to prevail on a Rule 59(e) motion: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; and (4) the motion is justified by an intervening change in the controlling law.  *See Fidelity & Deposit Co. of Md. v. Omni Bank*, 1999 WL 970526, *3 (E.D. La. Oct. 21, 1999); *Burma Navigation Corp. v. M/V Reliant Seashore*, 1998 WL 781587, at *1 (E.D. La. Aug. 14, 1998); *Fields*, 1998 WL 43217 at *2.

**III.  ANALYSIS**

Plaintiffs have three arguments why the Court should reconsider its order granting in part defendant's motion for summary judgment.  None is persuasive.

Plaintiffs first argue that the Court's holding limiting plaintiffs' recovery under their homeowner's policy is incorrect because "Obviously, the[ir] property was damaged by both flood and windstorm."  (R. Doc. 58 at 2.) This is not obvious from either plaintiffs' complaint or brief in opposition to summary judgment.  Plaintiffs' complaint asserts that their property "was damaged by the *winds* of Hurricane Katrina."  (Cmplt. at ¶3, R.

6

Doc. 1-2 at 1)(emphasis added)). Plaintiffs' brief in opposition states that "there is no factual basis whatsoever for the application of the flood exclusion" in plaintiffs' policy, because "uncontradicted testimony" show that "the residence was knocked off its foundations rendering it a total loss *before* being inundated by water." (R. Doc. 32 at 6). These statements make clear that plaintiffs were proceeding under a wind loss theory; a theory that was potentially advantageous at the time because plaintiffs' homeowner's policy excludes flood damage. Plaintiffs' new theory that their home was damaged by "both flood and wind" is not grounds for reconsideration of summary judgment. "A Rule 59(e) motion 'cannot be used to raise arguments which could and should have been made before the judgment issued." *Metropolitan Interconnect, Inc. v. Alexander & Hamilton, Inc.*, No. 04-2896, 2006 WL 1432365 at *2 (E.D.La. 6/17/2005)(*quoting Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003).

Plaintiffs' second ground for reconsideration is that Louisiana's Valued Policy Law permits the insured to recover twice for a single loss. Plaintiffs brief in opposition to summary judgment failed to cite any case allowing double recovery under the VPL. Neither does plaintiffs' motion for reconsideration. Just as motions for reconsideration cannot be used to advance new legal theories, they are also "not the proper

7

vehicle to rehash old arguments." *Metropolitan Interconnect,* 2006 WL 1432365 at *2 (citations omitted). The Court considered whether the VPL allowed double recovery in connection with the motion for summary judgment. Plaintiffs' give no adequate reason to reconsider it now.

Finally, plaintiffs argue that the Court should reconsider its holding that they are not entitled to attorney's fees under the 2006 amendments to § 22:658 in light of the Louisiana Supreme Court's opinion in *Sher v. Lafayette Insurance Co.*, 988 So.2d 186 (La. 2008). *Sher*, however, only reinforces the Court's order.

In *Sher* the Louisiana Supreme Court *denied* plaintiff's claim for attorney's fees under the 2006 amendment because the amendment was not retroactive, and because plaintiff first made proof of loss before the amendment was enacted. 988 So.2d at 198-201. The Court rejected the argument that "plaintiff's petition for damages filed after the amendment's effective date constituted a separate proof of loss, triggering the application of the amended statute." *Id.* What mattered was when the claim arose, which occurred pre-enactment when plaintiff first made proof of loss. *Id.* After the claim arose, a later post-enactment filing for the same loss did not make the amendment applicable to a pre-enactment claim.

Here, plaintiffs state that "portions of the[ir] claim were

8

submitted before" the amendment, and portions "after the date of the amendment." (R. Doc. 58 at 2.)  This un-corroborated statement is not grounds for reconsideration for several reasons. One, plaintiffs admit that they originally filed their claim before the enactment.  (*See id.*)  If the unspecified "portions" of their claim submitted after the amendment are for the same loss, their claim for fees is clearly barred by *Sher*.  *Sher* did, however, state that "had plaintiff made satisfactory proof of loss prior to the amendment and had Lafayette paid that claim, and had plaintiff discovered new damage and made satisfactory proof which Lafayette failed to pay within the time period contained in the statute, but after the amendment became effective" the plaintiff would have had a claim for attorney's fees. To the extent that plaintiffs are trying to fit their claims within this exception to *Sher*'s rule by claiming that portions of their claim were submitted after the amendment, they have not carried their burden on a motion to reconsider. Plaintiffs do not assert that their claims are for new damage, only that some portion of their claim was submitted after the amendment.  Further, plaintiffs point to no evidence in the record to support their assertion that portions of their claim were submitted after the amendment.  Had plaintiffs presented this argument in opposition to summary judgment the Court would

be compelled to reject it for failure to assert "specific facts" sufficient to create a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Since plaintiffs' conclusory assertion would not be sufficient to defeat summary judgment had the Court not already ruled, it is certainly not sufficient to justify the "extraordinary remedy" of reconsideration.

**IV. DEFENDANT'S MOTION IN LIMINE**

In light of this Court's decision not to reconsider its holding that plaintiffs can not recover any further for their dwelling structure under their homeowner's insurance, the Court grants defendant's motion in limine (R. Doc. 76) seeking to exclude the following:

>   1. Any and all testimony by Plaintiffs' expert witness: construction contractor, A. Vincent Caracci regarding the replacement cost to rebuild Plaintiffs' house located at 210 Hay Place, New Orleans, LA;
>   2. Any and all portions of Mr. Caracci's affidavit, deposition testimony, reports, and construction estimates concerning the replacement cost to rebuild Plaintiffs' house located at 210 Hay Place, New Orleans, LA;
>   3. Any and all testimony by Plaintiffs' expert witness: realtor, Eileen Haag regarding the appraised value of

Plaintiffs' property located at 210 Hay Place, New Orleans, LA; and

4.  Any and all portions of Ms. Haag's correspondence, file materials, and appraisals regarding the appraised value of Plaintiff's property located at 210 Hay Place, New Orleans, LA.

The value and replacement cost of plaintiffs' Lakeview home is not relevant to plaintiffs' contents claim, which is the only claim remaining to be tried.  Accordingly, the foregoing evidence is excluded.

## V.  CONCLUSION

For the reasons stated above, plaintiffs' motion for reconsideration of summary judgment is DENIED and defendant's motion in limine is GRANTED.

New Orleans, Louisiana, this 21st day of October, 2008

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE