```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

GAFFNEY, ET AL.                           CIVIL ACTION

VERSUS                                    NO: 06-8143

STATE FARM FIRE AND CASUALTY              SECTION: R(5)
COMPANY
```

**ORDER**

Before the Court are defendant's summary judgment motions on the issue of mental anguish (R. Doc. 51) and the applicable burdens of proof (R. Doc. 52). For the reasons stated below, defendant's motions are DENIED.

**I.  LEGAL STANDARD**

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence

favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1996).

**II.   ANALYSIS**

**A.   Motion for Summary Judgment on the Issue of Mental Anguish**

Defendant contends that any evidence of mental anguish should be excluded under Louisiana law. Specifically, defendant avers that the Louisiana Supreme Court's recent decisions *Sher v.*

2

*Lafayette Insurance Co.*, 988 So.2d 186 (La. 2008), held that damages for mental anguish are not recoverable under La. Rev. Stat. § 22:1220.  The Louisiana Supreme Court's holding, however, is not so broad.  The court simply held that the plaintiff *in that particular case* failed to provide sufficient evidence to recover mental anguish damages pursuant to Louisiana Civil Code Article 1998, which permits damages for nonpecuniary loss in contract claims. *See Lambert v. State Farm Fire and Cas. Co.*, 2008 WL 2185419 (E.D. La. May 20, 2008) (Africk, J.) (citing *Sher*, 988 So.2d at 203).  Specifically, the Louisiana Supreme Court determined that, while he had proffered evidence that the property at issue had sentimental value to him, plaintiff did not provide any evidence that the insurance company knew or should have known that its failure to perform would cause mental anguish or that the insurer intended to "aggrieve the feelings" of the plaintiff because of its failure to pay. *Sher*, 988 So.2d at 202-03.  Moreover, the Supreme Court made no ruling one way or the other under Section 22:1220 as to whether damages for mental anguish are recoverable as general damages under Section 22:1220.  Before *Sher,* this Court listed extensive reasons for the conclusion that mental anguish damages are recoverable under Section 22:1220 in *Weiss v. Allstate*, *Co.,* 512 F. Supp. 2d 463, 474 (E.D. La. 2007), which it incorporates here.  *See also Boers*

*v. State Farm Fire & Casualty Co.*, 2007 WL 2670087, at *1 (E.D. La. Sept. 7, 2007) (Berrigan, C.J.); *Orellano v. Louisiana Citizens Prop. Ins. Co.*, 972 So.2d 1252, 1254-56 (La. App. 4 Cir. 12/5/07).  Accordingly, plaintiffs will be allowed to introduce evidence in this regard.

**B.  Motion for Summary Judgment on Applicable Burdens of Proof**

Defendant also seeks to have this Court determine the burdens of proof applicable at trial with respect to various elements of plaintiffs' claim.  Specifically, State Farms asks the court to enter an Order providing that (i) plaintiffs may not recover for losses that were not solely and independently caused by wind, (ii) plaintiffs bear the burden of allocating their dwelling losses between flood and wind, and (iii) plaintiffs bear the burden of showing that their loss of contents was caused by wind.  The Court sees no need to determine these matters now, and will consider instructions regarding the burden of proof when applicable at the time of trial.

### III.   CONCLUSION

For the reasons stated above, defendant's motions for summary judgment are DENIED.

New Orleans, Louisiana, this 21st day of October, 2008

*Sarah Vance*
_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE