UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LENA TURNER GAFFNEY AND JAMES L. GAFFNEY, III | CIVIL ACTION |
| VERSUS | NO: 06-8143 (c/w 07-7581) |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION: R(5) |

### ORDER

Before the Court is State Farm Fire and Casualty Company's Motion for Summary Judgment. State Farm's motion is granted for the following reasons.

### I. Background

Lena and James Gaffney's New Orleans home was damaged in Hurricane Katrina. At the time, their house was insured by State Farm. The Gaffneys assert that State Farm did not adequately adjust their claim, and they sued State Farm for damages and bad-faith penalties in August 2006. Shortly thereafter, the Gaffneys filed another state court suit against State Farm on behalf of their minor children, Amanda and Rebecca Gaffney. The Gaffneys

assert that their children are additional insureds under the State Farm homeowner's policy and are entitled to penalties under La. Rev. Stat. § 22:1220 for State Farm's mishandling of the parents' claim.

State Farm removed both cases to the Eastern District of Louisiana in October 2006. The Gaffney children's case was assigned to Judge Beer who dismissed the case *sua sponte* for failure to state a claim. The Fifth Circuit vacated, but expressed no opinion on the merits. *Gaffney v. State Farm Fire & Cas. Co.*, 294 Fed. Appx. 975 (5th Cir. 2008). The circuit court held that the court "erred in dismissing Plaintiffs' case without prior notice and without providing Plaintiff an opportunity to respond or plead their 'best case.'" *Id.* at *3.

Upon remand, the children's case was consolidated with their parents' case in Section "R". The parties have since briefed whether the Gaffney children can recover bad-faith penalties for State Farm's handling of their parents' claim.

**II. Legal Standard**

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A court must be satisfied that no reasonable trier of fact could find for

2

the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

**III. Analysis**

The Gaffney children have brought a unique, but not implausible, claim against State Farm. The children have not filed a claim for property damage, but their parents have and the

children allege that they suffered mental anguish as a result of State Farm's allegedly bungled adjustment of their parents' claim. Mental anguish damages are recoverable in Louisiana under La. Rev. Stat. § 22:1220, *Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 304 (5th Cir. 2009). The Gaffney children have not pointed to any case allowing recovery in a similar situation, but State Farm has not cited a case foreclosing the children's argument either. Indeed, Louisiana law provides little guidance. After considering the parties' briefs and its own research, the Court is convinced that the children cannot recover under Louisiana law.

The Court first considers the text of La. Rev. Stat. 22:1220(B)(5). Section 22:1220 requires insurers "to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach." La. Rev. Stat. 22:1220(A). The statute then lists five types of prohibited conduct. *See* La. Rev. Stat. § 22:1220(B)(1)-(5). Section 22:1220(B)(5) penalizes the failure "to pay the amount of any claim due any person insured by the contract within sixty days after the receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause."

4

The children argue that they can recover under section 22:1220(B)(5) because their parents' policy defines insureds to include live-in relatives. (R. Doc. 119-2, at 6.) This argument misses the point because the children have not made a claim as an insured under the State Farm policy. Section 22:1220(B)(5) does not apply to any person insured under the policy, but refers to those insureds that are "due" an "amount of a[] claim." The only claim in this case is the one made by the Gaffney parents and only the parents, as the named insureds, are "due" any amount from State Farm on this claim. Under the first-party property damage provision of the policy, the loss adjustment process occurs between the insurer and the named insureds. The policy provides, "we will adjust all loses with you." (R. Doc. 119-2, at 19.) Further, the policy states, "We will pay you unless some other person is named in the policy or is legally entitled to receive payment." (*Id.* at 19.) "You" and "Your" are defined as the named insured in the declarations page and a resident spouse. (*Id.* at 6.) Mr. and Mrs. Gaffney are listed as the named insureds. (*Id.* at 2.) The policy required the parents to give immediate notice of the loss to State Farm, protect the property from further damage, and prepare an inventory of their damaged property. (R. Doc. 199-2, at 18.) State Farm was thus obligated to adjust the claim with the parents, as the named insureds, and

pay the parents. (*Id.*) The Gaffney's policy places no obligations on State Farm towards the Gaffney children with respect to the adjustment of their parents' claim. Likewise, the children have no responsibilities to State Farm with respect to their parents' claim. The children's status as "insureds" under the policy is not enough. They must show that they are due an amount of a claim. Here, the children are not due anything in the claim asserted by their parents. As a result, they cannot show a violation of section 22:1220(B)(5).

The Court's reading of 22:1220(B)(5) is supported by cases in Louisiana and other jurisdictions that have reached similar outcomes. These courts have stopped short of awarding penalties to plaintiffs, like the Gaffney children, who seek to recover for the bad-faith adjustment of a family member's claim. *See*, *e.g.*, *Robin v. Allstate Ins. Co.*, 844 So.2d 41, 46-47 (La. Ct. App. 2003)("During the underlying Knepper litigation, no obligations were owed to Mrs. Robin under the insurance contract because she was not sued as required by Allstate's policy of insurance. The fiduciary duties were owed to Mr. Robin, and thus, Mr. Robin was the insured entitled to the duties owed by an insurer under La.R.S. 22:658 and 22:1220."); *Nettleton*, 637 So.2d at 796 (dismissing La. Rev. Stat. § 22:658 claim by co-insured husband because he had not filed claim as an insured). *See also*

*Eastham v. Nationwide Mut. Ins. Co.*, 586 N.E.2d 1131, 1133 (Ohio Ct. App. 1990)("Although Lora was insured by the policy, she was not a party in the claim for benefits under the policy filed on behalf of her son."); *United Fire Ins. Co. v. McClelland*, 780 P.2d 193, 198 (Nev. 1989)("[A] wife's coverage as a dependent under her husband's health insurance policy does not give her standing to enforce her husband's contract rights for bad faith denial of health care benefits."); *Hatchwell v. Blue Shield of California*, 244 Cal. Rptr. 249, 253 (Cal. Ct. App. 1988)("A non-party who is nevertheless entitled to policy benefits, such as an "insured" person under the terms of the policy or an express beneficiary, has standing only if she is the claimant whose benefits are wrongfully withheld."). Each of these courts ruled against the plaintiff even though he or she was also insured under the policy. *Id.* The Court has found one case reaching a different result. *Ayetah v. Volkswagen of Florence, Inc.*, 341 S.E.2d 378, 379 (S.C. 1986)(husband could recover penalties bad-faith refusal to pay wife policy benefits). This case turned on the husband's potential liability for his wife's outstanding debts, a fact not present here.

Though the Court dismisses the children's claim today, their parent's bad-faith claim is still pending. Any disruption to the parents' lives, including any strain on the Gaffney's

7

relationship with their children, resulting from State Farm's alleged bad-faith is certainly relevant to the parent's claim for emotional distress. *See, e.g., Orellana v. Louisiana Citizens Property Ins. Corp.*, 972 So.2d 1252, 1254-55 (La. Ct. App. 2007)(relying in part on testimony that insured's "two children, who are ages 13 and 25, came to stay with him in the FEMA trailer and were extremely uncomfortable" in sustaining mental anguish award to parents). Without more guidance from the Louisiana courts, however, the Court declines to expand the 22:1220(B)(5) remedy in the manner argued by plaintiffs, especially when such a result runs counter to the text of the statute.

**III. Conclusion**

For the reasons stated, State Farm's Motion for Summary Judgment is GRANTED.

New Orleans, Louisiana, this 2nd day of July, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

8