UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LENA TURNER GAFFNEY WIFE OF/                CIVIL ACTION
AND JAMES L. GAFFNEY, III

VERSUS                                       NO: 06-8143

STATE FARM FIRE AND CASUALTY                 SECTION: R(5)
COMPANY


**ORDER**

Before the Court are State Farm Fire and Casualty Company's Motions in Limine to exclude medical evidence and audio-visual materials. State Farm's motions are GRANTED in part and DENIED in part.

**I.  Background**

Lena and James Gaffney's New Orleans home was damaged in Hurricane Katrina. At the time, their house was insured by State Farm. The Gaffneys assert that State Farm did not adequately adjust their claim, and they sued State Farm for damages and bad-faith penalties in August 2006. In connection with their bad-faith claim, the Gaffneys argue that they suffered mental anguish

as a result of State Farm's adjustment.  State Farm removed the case to the Eastern District of Louisiana in October 2006.

State Farm now moves to exclude certain medical evidence and home videos.  State Farm argues that the Court should exclude the testimony and medical records of Drs. Rodales and Acosta because the Gaffneys have not produced the medical records of these doctors, and State Farm has been unable to serve these physicians with subpoena duces tecum.[1]  State Farm further seeks to exclude the records and testimony of Drs. Rodales, Hunter, and Rumage because the testimony and records of the these individuals are irrelevant.  Finally, State Farm moves to exclude certain home videos because they are irrelevant or unfairly prejudicial.

**II. Analysis**

*i. Drs. Rodales and Acosta*

State Farm first argues that the testimony and medical records of Drs. Rodales and Acosta should be excluded because the Gaffneys "allowed the deadline to exchange expert reports pass without providing [State Farm] with any expert reports/medical records created by the aforementioned individuals indicating any causal relationship between the Plaintiffs' treatment and the

---

[1] State Farm originally moved to exclude the testimony of Dr. Gozal and MSW Staros on this basis as well but has since withdrawn its objection to these persons.

Plaintiffs' allegations against State Farm." (R. Doc. 101-2 at 4.)

As State Farm admits, Drs. Rodales and Acosta are treating physicians and the Federal Rules of Civil Procedure require written reports for only those expert witnesses "retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2). Courts have held that written reports are not required for treating physicians whose testimony and opinions derive from information learned during actual treatment of the patient, rather than from subsequent evaluation as a specially retained expert. *See Phillips v. Occidental Chemical Corp.*, No. 99-828, 2000 WL 1092857, at *2 (E.D.La. Aug. 2, 2000) (citing authorities). The Court will not strike plaintiffs' treating physicians based on plaintiffs' failure to provide written reports. The Gaffneys must produce all of their medical treatment records to State Farm within five days of this Order, however. State Farm is also authorized to depose plaintiffs' treating physicians any time before the start of trial.

 *ii. Drs. Cangelosi, Hunter, and Rumage*

State Farm also moves to exclude the testimony and medical records of Drs. Rumage, Cangelosi, and Hunter because the records

3

and testimony are irrelevant to this lawsuit.  Federal Rule of
Evidence 401 provides that evidence is relevant if it has "any
tendency to make the existence of any fact that is of consequence
to the determination of the action more probable or less probable
than it would be without the evidence."  Evidence that is
irrelevant is inadmissible.  Fed. R. Evid. 402.

State Farm has attached copies of the Gaffneys' medical
records, as well as a copy of plaintiffs' witness list, which was
filed before a previous continuance.  State Farm's exhibit B
consists of Lena Gaffney's radiology records from Dr. Deborah
Hunter, M.D., at Ochsner Medical Center.  (R. Doc. 101-5.)  The
Gaffneys' witness list states that Dr. Hunter will testify "as to
care and treatment of Mrs. Gaffney for stress and depression (R.
Doc. 101-4 at 3)," but the attached radiology records have no
analysis or tests that appear related to Mrs. Gaffney's mental
health.  Exhibit C contains medical records and letters, mostly
from Dr. Cangelosi, relating to eye problems shared by members of
the Gaffney family. (R. Doc. 101-6.)  The Gaffneys' former
witness list confirms that Dr. Cangelosi would testify
"[r]elative to Mr. Gaffney's retina problems, pain and glaucoma."
(R. Doc. 101-4 at 2.)  Similarly, the Gaffneys' witness list
states that Dr. Rumage will testify "[r]elative to treatment for
Mr. Gaffney's retina problems, pain and glaucoma and as to vision

4

problems of each of the plaintiffs and their children (*id.*),"
though State Farm does not attach any medical records from Dr.
Rumage.

The Gaffneys assert that the medical records and testimony
of the doctors listed are relevant to their mental anguish claim,
as well as their claim for "general and special damages"
resulting from State Farm's alleged violation of La. Rev. Stat.
22:1973.  If some connection exists between the X-Rays listed in
Dr. Holland's records or the Gaffneys' eye problems, and State
Farm's adjustment of the Gaffneys' Hurricane Katrina claim, the
Court does not see it, and the Gaffneys provide no means to
connect the dots.  The Court leaves open the possibility that Dr.
Hunter will testify about Mrs. Gaffney's mental health, which is
potentially relevant to this lawsuit, but the Gaffneys must turn
over any medical records relating to such testimony within five
days of this Order.  State Farm's motion is GRANTED with respect
to the attached records and the testimony of Drs. Cangelosi and
Rumage.

*iii. Gaffney Home Videos*

State Farm next moves to exclude several Gaffney home movies
because they are either irrelevant or unfairly prejudicial under

Federal Rules of Evidence 401 and 403.[2] There are five DVDs of material and they depict a variety of subjects, but State Farm singles out only two parts of the Gaffney DVDs in its brief. State Farm moves to exclude audio-feed "that describes Plaintiff's home life, family history, and other such matters," and footage of the Gaffneys' Christmas party. (R. Doc. 103-2 at 1.) The Court limits its inquiry to these sections.

The Gaffneys claim that these segments are relevant to "the Gaffneys' mental and emotional anguish that resulted from the hardship and suffering imposed on their handicap lifestyle as a result of a total loss of their home from Hurricane Katrina and State Farm's handling of their claims." (R. Doc. 110 at 4.) Only the last consideration is relevant to this lawsuit. The Louisiana bad-faith statutes permit recovery for "damages sustained as a result of the breach" of an insurer's "duty to adjust claims fairly and promptly." La. Rev. Stat. 22:1973. They do not provide recovery for all Hurricane Katrina related

---

[2] Rule 403 permits the exclusion of relevant evidence if "its probative value is substantially outwieghed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The Court finds that the segments identified by State Farm are irrelevant and therefore does not discuss whether the DVDs should be excluded under Rule 403.

6

emotional distress, regardless of its connection to State Farm's claims adjustment. *See Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 304 (5th Cir. 2009)("Damages for mental anguish may be awarded under § 22:[1973] *for breaches of the duty of good faith*.")(emphasis added). The Gaffneys must show that the DVD footage is relevant to emotional distress caused by State Farm's breach of its "duty to adjust claims fairly and promptly," and they have not done so.

The Court assumes that State Farm's objection to audio-feed refers to the narration on DVD one. DVD one contains footage of the Gaffneys' home shortly after Katrina, and some of the audio-feed is clearly relevant to the Gaffneys' contents claim. The female narrator describes damage to the Gaffneys' personal belongings as she walks through the Gaffney home. State Farm is correct, however, that the majority of the narration is irrelevant to the Gaffneys' remaining claims. The home's objects and rooms prompt the narrator to share anecdotes about her family and past experiences. "Papa used to keep his TV in this corner. We would sit and watch TV for hours." "Every time mama went to the bathroom, and we noticed, we used to go running to the door cause there was enough room under the door to stick our fingers and she used to grab them with her toes." These are only two of the many poignant, but irrelevant recollections contained on the

7

DVD.  The Gaffneys must redact these anecdotes if they intend to introduce the video at trial.

State Farm's objection to Christmas party footage refers to two segments.  At approximately 20 minutes and 47 seconds, DVD two shows several minutes of an outdoor Christmas celebration.  The mostly out-of-focus footage features a lot of drinking and a string of observations by party-goers that are irrelevant to State Farm's claims adjustment or the Gaffneys' mental anguish.  The following excerpts are not exhaustive.  At 21:34, a man states "As long as you don't drink and drive it don't matter . . . or hurt somebody, you know what I mean?"  Several minutes later, another man says "That vodka was . . . it hit you quick dude."  DVD four contains footage that is more family-friendly.  At about 21:20, the DVD shows a family opening Christmas presents.  Most of the dialogue is inaudible.  The Gaffneys do not explain how either segment relates to their claim for emotional distress.  Without some indication how the Gaffneys plan to use this footage at trial, the Court does not see its relevance.  The Court therefore grants State Farm's motion with respect to the material discussed but expresses no opinion on the remaining DVDs, as State Farm has not identified with particularity any other segment for exclusion.

**III. Conclusion**

For the reasons stated, State Farm's Motions is Limine are GRANTED in part and DENIED in part.

New Orleans, Louisiana, this 20th day of July, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE